UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VIKKI ACOSTA, AS REPRESENTATIVE § <br> OF THE ESTATE OF WILLIAM § <br> NEWCOMER, DECEASED § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UNITES STATES OF AMERICA § <br> § <br> Defendant. § | NO. 3:18-CV-00289 |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Vikki Acosta, as representative of the estate of William Newcomer, deceased, Plaintiff, for cause of action against defendant based on information and belief.

### JURISDICTION &VENUE

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 267 et seq. against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391(b)(2) and/or § 1391 (e)(1), because the United States is a defendant.

3. On June 10, 2014, Plaintiff timely filed her administrative complaint. The U.S. Army Claims Service denied Plaintiff's claim on May 11, 2018. Plaintiff files this suit within six (6) months after the date of the denial letter. Jurisdiction is appropriate pursuant to 28U.S.C. §2675(a).

## PARTIES

4. Plaintiff resides in El Paso, Texas. She is appointed as administrator of the Estate of William L. Newcomer, deceased, in Probate Court Number Two Cause No. 2014-CPR02755.

5. Defendant United States of America is a sovereign nation and the proper party-defendant for medical negligence by one or more of its employees, officers or agents at William Beaumont Army Medical Center, under the Federal Tort Claims Act. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Ms. Melissa Albright, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Jefferson Sessions, Office of the Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

6. Mr. William Newcomer, 70 years old, resided at Ambrosia Gullen Texas State Veterans Home.

7. He had a history of stroke, hypertension and diabetes.

8. On July 20, 2012, he was taken to William Beaumont Army Medical Center (WBAMC) by EMS because of pain on the left side of his chest and shortness of breath.

9. On July 21, 2012, his white blood count (WBC) was 14.7 and his abdomen was soft and nontender.

10. By July 26, 2012, Mr. Newcomer completed a 14-day course of Levaquin and continued to have right upper quadrant and suprapubic pain.

11. Mr. Newcomer's white blood count went from 13.6 on July 27 to 17.7 on July 28, after antibiotic therapy.

12. On July 28, 2012, Mr. Newcomer was discharged from WBAMC and returned to Ambrosia Gullen Texas State Veterans Home.

13. On July 30, 2012, Mr. Newcomer was transferred back to WBAMC because of a large amount of rectal bleeding.

14. Mr. Newcomer became hemodynamically unstable on the evening of July 31, 2012.

15. On August 1, 2012, Mr. Newcomer died.

16. The death certificate listed the immediate cause of death as lower gastrointestinal bleeding. The final autopsy diagnosis stated that Mr. Newcomer died of massive intestinal bleeding secondary to acute gangrenous ischemic colitis.

## CAUSE OF ACTION

17. Defendant was negligent in failing to use reasonable care in providing treatment to Mr. Newcomer.

18. Defendant was negligent in failing to provide a proper workup for the elevated white blood count and other signs and symptoms.

19. A proper workup included but not limited to imaging studies of the abdomen.

20. A proper workup would have revealed an acute abdomen involving an acute ischemic colitis.

21. This diagnosis would have led to appropriate treatment.

22. Appropriate treatment would have reduced his physical pain and suffering

23. Appropriate treatment would have prevented his death on August 1, 2012 from an acute gangrenous ischemic colitis.

24. As a proximate cause of the negligence, Mr. Newcomer suffered conscious pain and suffering.

25. Mr. Newcomer's damages were proximately caused by the negligence describe herein.

26. If it were a private individual under like circumstances, Defendant the United States of America would be liable under the doctrine of respondent superior for the damages and injuries proximately resulting from the negligence of its employee acting in the course and scope of employment.

27. The Federal Tort Claims Act provides that the United States of America shall be liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

28. Plaintiff sues Defendant the United States of America pursuant to the Federal Tort Claims Act to recover the injuries and damages resulting from the negligence of the medical staff of William Beaumont Army Medical Center.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court provide the following relief:

A. Assume jurisdiction over this action;

B. Award Plaintiff actual and compensatory damages, in an amount to be determined at trial, against Defendant United States of America for claims arising under the FTCA;

C. Award Plaintiff any other relief that this Court deems just and proper at law and in equity.

Respectfully submitted,
/s/Alfonso L. Melendez
Alfonso L. Melendez
Texas Bar No. 13918500
11335 Pellicano Drive
El Paso, TX 79936
Tel. (915) 593-2357
Fax. (915) 592-6074
alfonso@almfirm.com
Attorney for Plaintiff